```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

**FELICIA ANAZIA**                                                **PLAINTIFF**

VS.                        CIVIL ACTION NO. 5:19-cv-144 (DCB)(MTP)

**ALLSTATE PROPERTY AND CASUALTY**
**INSURANCE COMPANY**                                             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Plaintiff Felicia Anazia ("Anazia")'s Motion to Remand to State Court [ECF No. 3]. Having read the Motion, response thereto, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

### Background

The Plaintiff originally filed this matter in the County Court of Pike County, Mississippi, on November 1, 2019. On November 13, 2019, Allstate filed a Notice of Removal to this Court. Allstate argues that it was facially apparent from the complaint that Anazia seeks more than $75,000.00 in combined compensatory and punitive damages.

Anazia's residential dwelling, which was damaged by tornado and wind, is insured with Defendant Allstate Property and Casualty Insurance Company ("Allstate"). Plaintiff sues Allstate

1

for breach of a policy of insurance, bad faith, and punitive damages. [ECF No. 1-1]. Plaintiff asserts that she is "entitled to all damages caused by Defendant's bad faith conduct, and is entitled to damages for her emotional distress and mental anguish." Id. Anazia seeks an unspecified amount of compensatory damages for emotional distress and mental anguish plus an additional award of punitive damages.

On December 20, 2019, Anazia filed the instant Motion to Remand, which includes an Affidavit wherein she states that she seeks to recover $57,200.00 as damages from Allstate and that she will "not be able to recover any amount in excess of $57,200.00." [ECF No. 3-1].

**Discussion**

A federal district court has original jurisdiction where the parties are diverse and the matter in controversy exceeds &75,000.00. See 28 U.S.C. § 1332(a). A federal court's jurisdiction is limited to areas authorized by the United States Constitution and Acts of Congress. "[O]nce a district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000.00 generally do not divest the court of diversity jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). In cases of

removal, the jurisdictional facts that support removal must be judged at the time of the removal. See Id.

When the plaintiff has alleged an indeterminate amount of damages, the removing defendant must show by a preponderance of the evidence that the Plaintiff could recover more than $75,000.00 to establish that the amount in controversy has been met. See Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999). The Court must examine the complaint to determine whether it is "facially apparent" that the claim exceeds the jurisdictional minimum. See Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). If it is not facially apparent, the Court may turn to "summary judgment-type" evidence to aid in its inquiry. Id. The amount-in-controversy is facially apparent if, after examining the complaint, it is likely that the amount in controversy would exceed $75,000.00. See Gebbia, 233 F.3d at 883.

When examining the complaint, the Court may refer to the types of claims alleged by the plaintiff and the nature of the damages sought. See Sun Life Assur. Co. of Canada v. Fairley, 485 F.Supp.2d 731, 734 (S.D. Miss. 2007). If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that her claims are for less than $75,000.00. Deal v.

3

Outback Steakhouse of Florida, L.L.C., Civ. No. 1:19-cv-904, 2020 WL 1272628, at *8 (W.D. La. Feb. 26, 2020). A plaintiff "may satisfy the 'legal certainty' test by filing a binding stipulation or affidavit with the original complaint." Id. (emphasis added). Post-removal affidavits or stipulations may be considered if the amount in controversy is ambiguous at the time of removal, but only to determine the amount of controversy as of the date of removal. See Gebbia, 233 F.3d at 883. When the amount in controversy is clear from the face of the complaint, post-removal stipulations reducing the amount of damages cannot deprive the Court of jurisdiction. Id. However, post-removal affidavits can be found to preclude plaintiffs from seeking damages in excess of the jurisdictional minimum in state courts, either as a judicial admission, judicial estoppel, or a matter of preclusion. See Arnold v. State Farm Fire and Casualty Co., 277 F.3d 772, 776 n.3 (5th Cir. 2001).

Here, it is facially apparent that the Complaint, at the time of removal, sought more than $75,000.00. "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." Anderson v. Wells Fargo Bank, Civ. No. 2:15-cv-88, 2015 WL 4775356, at *2 (S.D. Miss. 2015) (quoting Sun Life Assur. Co. v. Fairly, 485 F. Supp.2d 731, 735 (S.D. Miss. 2007)). "Likewise, Mississippi's federal courts have

4

held that 'Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000.'" Id. (quoting Holmes v. Citifinancial Morg. Co., 436 F.Supp.2d 829, 830-31 (N.D. Miss. 2006)). In this case, Plaintiff seeks both an unspecified amount of punitive damages and emotional damages. Therefore, the Court finds that the Defendant has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds &75,000.00.

Because the Defendant has carried its burden, remand is appropriate only if the Plaintiff establishes with "legal certainty" that the amount in controversy is less than $75,000.00. Despite the Plaintiff's apparent intention to establish "with legal certainty" that the jurisdictional minimum is not met, she has not done so in this case. The affidavit attached to the Plaintiff's Motion to Remand is deficient inasmuch as it simply states that the claim is for less than $75,000.00 but does not avow that the Plaintiff will not seek or accept more than that amount. See, e.g., Blaylock v. Mutual of New York Life Ins. Co., 228 F.Supp.2d 778, 782, 785-86 (holding plaintiff defeated removal by attaching affidavit that plaintiff did not intend to seek damages in excess of the jurisdictional minimum and would not accept a judgment or settlement in excess of that amount); Morgan v. Am. General Int'l Group, Civ. No.

5

2:03-cv-16, 2005 WL 1595672, *2 (S.D. Miss. July 6, 2005) (holding plaintiffs defeated removal by entering into "unequivocal binding stipulation that no Plaintiff will ever in the future seek or accept more than the jurisdictional amount").

Here, the affidavit states, "I will not be able to recover any amount in excess of $57,200.00." [ECF No. 3-1]. This is too vague to satisfy the legal certainty test and does not constitute a binding and irrevocable admission on behalf of Anazia. A plaintiff's stipulation regarding the amount in controversy is binding "if, within that stipulation, [she] expressly renounced [her] right to recover in excess of $75,000.00 in the event [she] was awarded above that amount in state court." See, Bienemy v. Hertz Corp., Civ. No. 16-15413, 2016 WL 6994200, at *3 (E.D. La. Nov. 30, 2016).

Accordingly,

It is HEREBY ORDERED AND ADJUDGED that the Plaintiff's Motion to Remand is DENIED. Plaintiff may refile her Motion to Remand and attach a binding affidavit that (1) expressly stipulates that the amount in controversy does not exceed $75,000.00, (2) waives any damages over $75,000.00, and (3) agrees to not enforce a judgment in which more than $75,000.00 is awarded.

SO ORDERED this the 23rd day of April, 2020.

                                                 _/s/ David Bramlette_____

                                                  UNITED STATES DISTRICT JUDGE