```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

FELICIA ANAZIA                                           PLAINTIFF

VS.                            CIVIL ACTION NO. 5:19-cv-144-DCB-MTP

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                               DEFENDANT

<u>ORDER TO SHOW CAUSE</u>

This cause is before the Court on Defendant Allstate Property and Casualty Insurance Company (hereafter "Allstate" or "Defendant")'s Motion to Dismiss Certain Counts of Plaintiff Felicia Anazia's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). **(Docket Entry 6).** Allstate filed the aforementioned Motion on December 20, 2019. As of the date of this Order, Plaintiff Felicia Anazia has not responded to the Defendant's Motion.

Plaintiff Anazia filed this action as a result of damage to her home allegedly caused by a storm which occurred on May 9, 2019. As a result of the storm and her alleged damages, Anazia filed a claim with Allstate under her homeowner's policy. The Complaint alleges that Allstate failed to pay Anazia "the amount due to be paid under the terms of her policy." The Complaint includes no factual allegations regarding the amount which was paid, the amount

which Anazia believes should have been paid, or the reasons Anazia disputes the amount which was paid.  The Complaint leaves only the conclusion that Anazia disagrees with the amount which should have been paid on her claim.

The Complaint includes counts for bad faith and punitive damages but alleges no facts supporting the right to any recovery under these counts.  Defendant complains that the Plaintiff's Complaint constitutes an inappropriate "shotgun pleading," and argues that Plaintiff's counts for bad faith and punitive damages should be dismissed for this reason alone.

Defendant further claims that Plaintiff's counts for bad faith and punitive damages should be dismissed because the Plaintiff fails to allege any facts to support her theories of recovery.  Defendant contends that Plaintiff's threadbare Complaint fails to recite all of the elements of her claims, and does not show how the Defendant is alleged to have breached its contract with the Plaintiff in bad faith.  For these reasons, Allstate requests that the counts for bad faith and punitive damages be dismissed with prejudice.

Defendant also claims that since Plaintiff's Complaint against Allstate fails to state facts which support her counts for bad faith and punitive damages, then for that reason Plaintiff's Complaint does not satisfy the pleading requirements of Rule 8 of

2

the Federal Rules of Civil Procedure. The counts for bad faith and punitive damages, argues the Defendant, should therefore be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Allstate asks the Court to grant the Motion to Dismiss Certain Counts of the Complaint, i.e., Counts 2 (Bad Faith) and 3 (Punitive Damages) so that the only remaining count will be the count for an alleged breach of contract.

THEREFORE,

IT IS HEREBY ORDERED that the Plaintiff shall, within 14 days, show cause for Plaintiff's failure to respond to the Defendant's Motion to Dismiss **(docket entry 6);**

FURTHER ORDERED that Plaintiff Anazia shall show cause, within 14 days, as to why Allstate's Motion to Dismiss should not be granted.

SO ORDERED, this the 14th day of May, 2020.

David Bramlette _____

UNITED STATES DISTRICT JUDGE